Mr. Schaffer, you may proceed with your argument, sir. May it please the Court, I'm Randy Schaffer from Houston. I represent Keith Hill. There's an old adage that hard cases make bad law, and we are here today to test that proposition. Distilled to its essence, the issue is that the state habeas court unreasonably applied Strickland v. Washington in relying on a confession that was obtained in violation of the United States Constitution to cure the prejudice resulting from a Sixth Amendment violation of the right to the effective assistance of counsel. The setup is this. Three extraneous offense complainants testified at the punishment stage, but none of them could identify Hill as the perpetrator who was wearing a mask. A detective testified to what the fourth complainant said and that the fourth complainant had identified Hill in a photo spread. The fourth complainant did not testify. The state tied Hill to the extraneouses by the confession that he gave to all five, by evidence seized from his home, one of the complainant's rings, a newspaper article about the crimes, and evidence seized from his computer, the contact information for all five complainants, and photos of nude males. The state asked for a life sentence. The jury gave 99. The 14th Court of Appeals on direct appeal held that the confession was inadmissible under Edwards v. Arizona, a 1981 Supreme Court case, but the admission of it at the punishment stage was harmless because of the evidence found in the home that connected him to the extraneouses. Now, on state habeas, I raise the issue that counsel was ineffective in failing to object to the detective's testimony regarding what the fourth complainant said and that the fourth complainant identified Hill in a photo spread, or that And additionally, in failing to object to evidence found in the home during the search and in the computer, the state trial court found that the detective's testimony violated the confrontation clause in the hearsay rule, that the computer was unlawfully searched, and that counsel performed deficiently in failing to object. However, the court found there was no prejudice because Hill confessed. In other words, the judge relied on the inadmissible confession to cure the prejudice resulting from the IAC violation. However, and this is the key finding and the one that, you know, I want you all to take to heart, the state trial court found that the state's case on punishment would have been less compelling had the jury heard from three extraneous offense complainants and not heard the hearsay testimony regarding the fourth. Yet, the court recommended relief be denied based on lack of prejudice. So you had this conflicting finding, and I filed objection saying, well, your ultimate conclusion that there was no prejudice doesn't flow intellectually from your finding that the state's case would have been less compelling. And the Court of Criminal Appeals, obviously recognizing the problem, remanded to the trial court to fix that inconsistency one way or the other. And once we got back to the trial court where the state says, look, Judge, if you stick with your finding that the state's case would have been less compelling absent the fourth extraneous, he's going to get a new trial on punishment. You can't do that. So what does the judge do? Exactly what you would expect. Withdraws that finding and makes a finding that the sentence would have been the same even had the jury not heard the fourth extraneous. So here we are. And I guess that is, you know, some of the things that happen when you have an elected judiciary who are concerned about the political ramifications of decisions, especially in cases like this one. So, obviously, the findings were changed on remand to ensure that relief would be denied, which, of course . . . You don't actually mean to impugn the integrity of the judge. That's not the basis of your argument, is it? No, it isn't. I'm just saying that, you know, the judge changed the finding without any new information coming before her. It seemed to me that there was an anomaly, that evidence held to be admitted in violation of the United States Constitution could be used to defeat the prejudice prong of an IAC claim. So that's the argument that was basically made in the district court. And the district judge, who is absolutely wonderful, found that this issue was close and difficult, whether the state court could properly consider a confession admitted in violation of the Constitution to conclude there was no prejudice resulting from counsel's failure to object to the detective's testimony. And here we are. Why aren't we bound by what the state habeas courts determination that didn't rely upon the confession? Why aren't we stuck, regardless of what you may think about that determination? Well, because the conclusion of prejudice is a conclusion of law. You have to defer to fact findings that are supported by the record. This is a legal conclusion. And the question is whether that legal conclusion is unreasonable under Strickland. So I want to focus on what was the prejudice and then is the correct standard of review. I always think in determining prejudice with regard to an IAC claim or a Brady claim or any other type of claim in the habeas context, you don't look at what the state is saying now. You look at what they did at the time of the trial. They're always going to say in the postconviction context, there was no prejudice because of A, B, C and D. But let's look at what the prosecutor did at the time of trial to analyze whether the state thought this evidence was important at the trial. And I'm talking about the fourth extraneous. They thought it was so important that, number one, they offered the detectives testimony regarding the confession that clearly I'm sorry, the Texas testimony regarding what the complainant told him that clearly violated the confrontation clause after they offered a confession that was obtained in violation of the defendant's right to counsel. Now, they, the state court judge surely knew that Edwards versus Arizona, a Supreme Court decision was decided in 1981, 27 years before this trial. And it held that where defendants invoked his right to counsel during custodial interrogation, the interrogation must cease. You can't then run a second detective in on him a day later where he doesn't initiate the contact and try and get a And the state court had to have recognized that. The defense lawyer made the proper objection and the appellate court agreed with it. That's number one. Number two, Crawford was decided by the Supreme Court in 2004 that says you can't put in testimony regarding what a victim of a crime told a police officer where the victim doesn't testify. So that case was decided four years before this trial. And surely the trial court was on notice of Crawford. There was no admissible evidence regarding the fourth extraneous. Yet at punishment, the prosecutor focused in punishment argument, the prosecutor focused on that extraneous in requesting the maximum sentence. And his argument was basically you didn't hear from the fourth guy, but you got the gist of what happened through what the detective said. And you can figure out for yourselves why he didn't testify. In other words, implying to the jury that he was so traumatized by what occurred, he wouldn't even come into the courtroom to testify about it. So if they emphasized any of the extraneous offenses more than the others, it would have been the one that was inadmissible. So our position, you know, and I've narrowed this case down as I've gone through the state system, gone through the federal system. So it's a very clean issue for this court to make it as simple as possible, because I think it's potentially a certain worthy issue. And that is that the confession cannot properly be considered to defeat the prejudice prong of an IAC claim stated. Otherwise, evidence obtained in violation of the United States Constitution can't be used to cure the prejudice of a Sixth Amendment violation. And what Supreme Court authority says that? Well, the closest I could find would be Simmons, which basically said, you know, the defendant testifies at the suppression hearing before trial, and then the state uses his testimony at the suppression hearing against him during the trial. And the Supreme Court said, no, he could vindicate his Fourth Amendment rights by testifying at the suppression hearing. And you can't penalize him for exercising his constitutional right by then using it against him at the trial. Now, that's as close as we get. But remember, we don't have to have a case on all fours, because the issue here is, did the state court unreasonably apply Strickland? And there is nothing in Strickland, in fact, nothing in any case law I'm aware of, that would authorize a court to consider evidence admitted in violation of the Constitution to cure some other type of issue that comes up during the trial. And indeed, to do that... I think the question is whether there's precedent for closing the state court. I'm sorry, precedent for? You said that there's no Supreme Court decision expressly authorizing the state court to do this. But isn't the question whether there's a Supreme Court case law foreclosing the state court from doing it? Well, I understand what you're saying. But what I'm saying is that the question is whether the state court unreasonably applied Strickland. And Strickland does not authorize a court to consider inadmissible constitutionally obtained evidence in determining the prejudice prong of an IAC claim. Strickland's straightforward. You look at counsel's deficiencies in performance, you weigh them against everything else that occurred during the trial, and you ask, is there a reasonable probability that but for those errors, the outcome would have been different, defined as undermining confidence in the result. What happened here, in essence, is that the state habeas court totally disregarded and negated the decision of the 14th Court of inadmissible confession and using it to cure the prejudice prong of an IAC claim that the first time around, the judge found was prejudicial. It's an IAC claim. What was the failure of the counsel? What was the specific failure of the counsel here that you're faulting? The failure to object to the detective's testimony as to what the fourth extraneous told. You described what it was. Where were you in the course of proceedings where that objection was failed? When was he supposed to have lodged that objection? I'm just trying to get the hearing straight. Oh, I would have done it by motion in limine, but assuming that he didn't know until that moment, as soon as the detective got on the stand, they started to ask him, did you have a time to approach the bench and air it out? I mean, he could see what was coming. Did he ever raise it at all? No, not at all, which is kind of inexplicable because he was otherwise pretty good at most of the stuff during the trial. I want to take a second and talk about the standards for prejudice. I've been playing with this issue for a decade and never really got much traction on it, but I want to run it by y'all and see what you think. So, Spriggs is decided in 1993, and it creates the significantly less harsh standard for state court non-capital discretionary sentencing schemes. And what I believe is that the enactment of the AEDPA effected in April of 1997 creates a different standard, and the Spriggs case has no relevance under the post-AEDPA. Now, isn't that an argument for our en banc court or else the Supreme Court, because we've already applied Spriggs post-AEDPA in Charles v. Thaler, for example? Well, and so let me address that. Sure, of course it is, but my belief is that no panel of this court has really squarely considered and written on the issue post-AEDPA. They've just said, well, we have Spriggs on the books. Spriggs is a standard that applies. I'm not aware of a case where they've actually taken this argument and dissected it and said, okay, now under the AEDPA, is our prior precedent even relevant? Because standards change all the time, and I don't think that the rule of orderliness binds this court from looking at whether subsequent legislation has changed the Spriggs standard. But let's assume that in this context, we're stuck with Spriggs. So let me just address it for a minute. I think the jury clearly could have considered the fourth extraneous to be the most serious, especially in light of the prosecutor's argument as to how badly this person was traumatized, so traumatized he couldn't even come into the courtroom to testify. So the jury heard an extraneous they should not have heard. And so if you believe that the assessment of punishment is sort of a global issue based on everything the jury hears, I think an argument fairly could be cobbled together that the punishment would have been 20% less had the jury heard three extraneous offenses instead of four. Now, this is all speculative, and the Spriggs standard itself is speculative. What does significantly less harsh even mean? It doesn't really have a clear definition, and it's certainly subjective. You know, is the difference between 30 and 60 significant? I think anybody would think so. What about between 55 and 60? Is that significant? Well, if you're the guy serving the extra five, yeah, it is. But this court has said in the context of the federal sentencing guidelines, this six months is enough. So to apply the Spriggs standard to a discretionary system and not apply it to the federal system, you know, I question the validity of that. But in this case, what you have is you have the state court fact finding the first time around that if the jury had not heard that fourth extraneous, the state's case would have been less compelling. And even though the judge withdrew it to reach the desired result, that's the one the judge really made, and that's the one the judge meant before she got the message that this case won't get turned around unless you withdraw it. So I would ask you to grant habeas relief. Otherwise, the state can violate a defendant's Fifth and Sixth Amendment rights to counsel and to remain silent with impunity, securing the knowledge that the evidence unlawfully obtained can be used to cure a Sixth Amendment violation of the right to the effective assistance of counsel. Thank you. Thank you. So may it please the court. Petitioner argues that he was prejudiced because the jury heard he assaulted five young men instead of four. On these facts, that is not even plausible. Petitioner's only ineffective assistance argument is about one hearsay identification of one victim. He takes no issue with highly damaging evidence about four other attacks in this case and does not claim to be innocent of any of them. The jury heard live testimony from four victims describing the horrific sexual assaults they experienced. It also heard that one of the victims' engraved class rings was found in his bedroom, that a newspaper clipping about the petitioner's computer had been used to search for the publicly undisclosed addresses and MySpace pages of the victims. Given all the evidence and the arguments that the state made for a maximum punishment, the state habeas court's no prejudice finding was objectively reasonable. And, of course, the jury heard the testimony of the four victims, and the jury heard the testimony of the officer who testified to a number of things. He described a number of the events. You know what I'm asking about? You mean the hearsay? Yes. Okay. Your Honor, I understand the question. Whether the hearsay identification was improper, it was, as the state court found, objectionable. I don't think the court has to decide one way or the other whether that's true. Even if it had been objectionable, we're in a strictly review posture. We're just reviewing effectiveness of counsel. This CAB offense, that's the one to which the officer testified, is unique among the other offenses because in petitioner's confession, petitioner describes that offense as one in which CAB somehow fought back and resisted one of the others. And this apparently triggered some childhood memory for petitioner where something very similar to that had happened, where a man had come into his home and tried to sexually assault him, and, you know, that this was something that he had never really dealt with in his life. How does that fit with your argument that this is just yet another offense? You led off with this is just yet another, and then you're telling us how this particular is so traumatic to the petitioner. I'm sorry, fit that together for us. Well, this is a case where the petitioner did not testify, and yet here is this self-serving, mitigating statement that the defense offered in closing in trying to argue for leniency, for compassion from this jury, as well as the fact this was out of character for the defendant. I think this is a fairly, this is a sort of an odd situation where a petitioner is claiming ineffective assistance, where he is competently arguing a mitigation case to the jury. Now, granted, it didn't work out for him, but those are the arguments that I think it's undisputed in this case that a trial counsel should have made. In fact, in state court, regarding the confession, the argument was raised that if he had tried to fight against the idea that he committed any of these crimes, the jury might have viewed that harshly, might have weighed that against him. I don't think any of that is really in dispute anymore. So, again, this argument, the petitioner concedes he's got to show the sentence was significantly less harsh. The only way he even tries to do that is arguing he might have gotten a 79-year sentence instead of a 99-year sentence, but that argument is completely unresponsive to the reasons the state argued for a maximum punishment. This was because this was a calculated, violent sexual predator who had attacked multiple young men in his community. The state argued for protection from this person in a plea for law enforcement, and that is just as true if there are four victims as if there are five. Is it true, though, as the other side argues, that without the erroneously admitted hearsay, the jury wouldn't have heard about the CAB offense at all? I don't think that that is right, Your Honor. The detective, of course, could have still described his investigation into these offenses. There were still photographs of the zip ties. There was going to be other evidence describing a similar investigation, and, of course, even without that, even without the actual photo lineup ID, as the state habeas court went through and analyzed it, the state habeas court found that there was other circumstantial evidence and, of course, noted the highly damaging testimony of the other victims. But I'm asking about CAB in particular. Well, insofar as the jury, I don't think that the petitioner has identified any basis to argue that the jury would have heard absolutely nothing about a fifth offense. And, in fact, by the time Detective McCoy began to testify, before that point, the jury had already heard facts about the QC offense and a search of the petitioner's home that went into that, which revealed the class ring that had QC's engraved name and middle initial on it in the bedroom and the newspaper that described five attacks. So here we're in a posture where there's already been concessions that if you fight back against the idea that this defendant has committed any of these crimes, if you do anything other than ask for mercy, for leniency, you risk losing credibility with the jury. I mean, it's sort of an unusual circumstance where you have a newspaper hidden above the person's kitchen cabinets that have your police artist's description that says, police seek attacker of five young men. Five. I think that one way or the other, the jury was going to hear very damaging evidence from these victims describing how they were terrorized and sexually brutalized at petitioner's hands. So how would you suggest that we deal with the finding of no prejudice based on, in part, on the unconstitutionally admitted confession? I would ask the court first to look at the relevant findings that are reproduced in the district court opinion. I believe it's on page 24 through 26 of the district court opinion. It does not reference the confession. Opposing counsel has argued repeatedly that the state court somehow impermissibly relied on this confession, but its relevant findings that the court is reviewing do not rest on that. So we don't have to address it at all? No, absolutely not. Is that what you're saying? Yes. Okay. I was asking how should we address it? And the answer is you don't have to address it. Is that right? That's right. Okay. You don't have to address it. What if we disagree and think we have to address it? What is your answer? My first answer is there is no, there's no DOA on the confession. He's not pressing the confession. He's litigated that claim. Also, there's no clearly established federal law whatsoever that a state habeas court reviewing a case in this posture couldn't consider the confession. And your honors asked that question and opposing counsel was unable to provide a Supreme Court case foreclosing that type of analysis. But ultimately, you look at the objective reasonableness of the state habeas court decision. Is it objectively reasonable to find no prejudice? Yes. And if you look at the analysis the court did, it does exactly what Strickland requires, which is looking at all the evidence and the arguments that the jury heard. That is just a straightforward Strickland analysis. It does, absolutely does not, as the state court did it, rely on the confession. Totally tangential to what the court must decide. In addition, given the highly damaging evidence that the jury heard, the conclusion of no prejudice is, of course, objectively reasonable as well. I do want to point out that despite the district court's statement that this was somehow a close case on prejudice, it is really not. I mean, this is a fairly remarkable concession, for example, in Petitioner's reply brief explaining that we haven't challenged the confession or the evidence from the hard drive of Petitioner's computer because it's essentially cumulative of the property, the ring, and the newspaper article. This is a fairly straightforward case of there not being any prejudice, and certainly nowhere close to the type of malfunction in the state post-convictional review process that would require correction, let alone overcoming EDFA. If I could discuss this notion of cumulative prejudice, which I think is discussed in the briefs probably more than it has come up today, sort of much has been made of the state habeas court's prejudice analysis as somehow not looking at purported instances of deficiency and then now that various claims have been waived and abandoned, there's really nothing to accumulate, and it's really undisputed that Petitioner is only challenging this CAB offense, and of course that objection regarding the hearsay could only possibly overlap with the other instance that the state habeas court analyzed regarding the computer evidence insofar as the CAB offense itself. But again, if you look at the analysis the state habeas court did, it didn't analyze each error with respect to the other. The CAB analysis stands on its own, the hard drive analysis stands on its own, so it's not even clear what Petitioner's cumulative error analysis would look like any different from what happened here. Now what's really happening, I think, is he's trying to relitigate the confession claim through the lens of an IATC claim, but I think as your Honor pointed out, there's really nothing that can be attributed to trial counsel that you could say was ineffective, certainly not objectively ineffective. The trial counsel made arguments trying to mitigate the punishment here in light of the state's argument for maximum punishment. I'm sorry, you were saying it wasn't ineffective to fail to object to this really troubling hearsay? I'm not judging it, but you're saying as a matter of fact, it's not? Any suggestion that it is certainly stands in tension with the argument that Petitioner raised in the state post-conviction process that any attempt to dispute the involvement in these offenses would have eliminated his and would have been unresponsive to the state's case for maximum punishment, and of course on top of that... But that wouldn't have had to be done in front of the jury at all. It would be eliminated to the court before either we're not going to talk about extraneous offenses, and I mean, I don't understand. So I don't think counsel can be faulted for raising an objection that, if successful, would have jeopardized one of his arguments that he heavily before the jury for why the jury should not impose a maximum sentence. Put another way, had counsel objected to this CAB offense and had it been successful, there is no way that defense counsel could have raised the mitigating aspects that Petitioner described when he confessed to the CAB offense. I don't think... So the mitigation wouldn't have come in but for the is that your point? Yes. Okay. Anything else? I just wanted to emphasize that the, again, the standard is just objective reasonableness, both on the performance of counsel. Here we cannot really fault counsel for doing anything ineffectively, not under any clearly established federal law, and we cannot fault the state habeas court under any clearly established federal law. My opponent has identified and under the lens of objective reasonableness, the court should affirm. Thank you, counsel. We have your argument. May it please the court, I want to start where he finished because I completely disagree with him. Your question was, Judge Elrod, that if the CAB offense had not been admitted, could the lawyer have used the mitigating aspects of the confession? Absolutely, he couldn't. The confession was admitted. It could be used by the lawyer for any way he wanted to use it. It was the CAB testimony that shouldn't have been admitted. The confession was there. The lawyer made the best out of a bad situation by taking whatever he could find in the confession that would give some mitigating aspect to what occurred, meager as it was, and make the best of it. But the confession was in and available to the lawyer for all purposes, even if CAB didn't testify. Now, he kind of, to the extent he could make my case for me, he sort of did it at the start of his argument when he told you that when you asked, was the extraneous inadmissible? And instead of answering that question, he started telling you how important it was. He said the CAB case is which might explain perhaps the trauma. He kind of made my case as best he can by showing the importance of the evidence the jury never should have heard. Now, with regard to his argument that the prosecutor's strategy was to argue for the maximum punishment because this guy's a sexual predator and he terrorized these people, if he could have done it with three extraneous offenses, why did he need to throw in the fourth one that was inadmissible? I mean, if it meant nothing at all to the outcome of the case, if the prosecutor didn't think it was important for the jury to hear the CAB offense and that he was so traumatized he couldn't even testify, why do it? But that's not unusual. It may not be unusual, but it also shows how... Piling on is very common, don't you think, that you put in every bit that you have. That's not... We see that all the time here. Maybe civil lawyers do that, but in criminal court, if you're a conscientious prosecutor and you want to keep your conviction, you don't put in evidence that violates the Constitution and you know it violates the Constitution, so you get the conviction in the newspaper headlines then and some other lawyer's having to worry on appeal about keeping it for you. But Mr. Schaffer, isn't it really counterintuitive, this point that he would have gotten a worse sentence? If you ask just logically, you know, you've got one, two, three, what is enough to where the incremental value of another human being suffering doesn't add to the sentence? I mean, and don't you have to convince us that that is the case? Well, in a manner of speaking, I suppose, but all I can tell you is the trial prosecutor thought it was important enough to put it in. He thought it was necessary to get the punishment he wanted. How can we now just discount it and say, well, it wouldn't have made any difference? But do you have the burden to tell us it would have made the difference? Well, I have the burden to show that the state court unreasonably applied that. That's my burden. Now, I want to address also the prosecutor's comment that the jury could have heard about the CB extraneous offense even if he didn't testify. I cannot conceive any way under the sun that could have happened. First of all, the detective couldn't testify to what CB told him. Second, the newspaper article doesn't name anybody's name. Now, the jury knew about it through the confession, but the confession should not have been admitted for our purposes today. And then in that report, he says, well, I didn't ask for a COA on the confession. I'm not challenging the confession's admissibility at this point. I'm challenging the use of the confession by the state habeas court to defeat the prejudice prong of the Strickland claim. This issue is an issue that can only be raised on federal habeas. That's the practical aspect of the system we've created here. The Supreme Court is not going to grant cert off a state habeas where there's no opinion by the highest court of the state. It can only come up through the federal system. And when you come up through the federal system, you're bound by the end of the day. One final thing. As of a few days ago, we got more direction from the Supreme Court with regard to the analysis of the state court's decision that we must confine our domination to the law that was in place at the time that the state court made its decision. Do you think that has any relevance to this case? Sure. The law that was in place was Edwards Arizona and Crawford v. Washington. They both favored the defense and they were both ignored. I close with this view. I don't know if y'all can fix this or not, quite frankly, but I have a problem with a state habeas court making a finding that an error of counsel was so bad that for that error, the state's case would have been less compelling, which is basically what I have to show to win. And then when the case gets remanded to fix it, eliminates the finding like it was made and no longer has relevance. Now, if that's the state of the law in this country, I probably chose the wrong profession. Thank you. Thank you. We have your argument. This case is submitted. The court will take a brief recess.